# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| ALMONDNET, INC., and INTENT IQ, LLC, | |
| Plaintiffs, | Case No. 6:22-cv-01204 |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AND AMAZON WEB SERVICES, INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "Plaintiff" or "AlmondNet") makes the following allegations against Defendants Amazon.com, Inc.; Amazon.com Services LLC; and Amazon Web Services, Inc. (collectively, "Defendant" or "Amazon"):

## INTRODUCTION AND PARTIES

1.     This complaint arises from Defendant's unlawful infringement of the following United States patents owned by AlmondNet, each of which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 7,747,745, 7,861,260, 7,979,307, 8,204,783, 8,775,249, 8,959,146, and 10,715,878 (collectively, the "Asserted Patents"). AlmondNet owns all right, title, and interest in each of the Asserted Patents to file this case.

2.     AlmondNet, Inc. is a corporation organized and existing under the laws of the state

of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC are collectively referred herein as "AlmondNet." Established in 1998, AlmondNet is an industry leader and pioneer in privacy-friendly, targeted advertising. AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

3.     Defendant Amazon.com, Inc. is a Delaware corporation with a listed registered agent of Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Amazon.com, Inc. has a principal place of business at 410 Terry Avenue North, Seattle, WA 98109. Amazon.com, Inc. may also be served with process via its registered agent Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA, 98501.

4.     Defendant Amazon.com Services LLC (formerly "Amazon.com Services Inc." and referred to herein as "Amazon Services") is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109. Amazon Services is a wholly owned subsidiary of Amazon.com, Inc. Amazon Services is registered to do business in the State of Texas and may be served with process via its registered agent in Texas, Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Amazon Services may also be served via its Delaware registered agent Corporation Service Company, 251 Little Falls Drive,

Wilmington, DE 19808.

5.     Amazon Web Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, WA 98109. Amazon Web Services, Inc. may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. On information and belief, Amazon Web Services, Inc. is registered to do business in the State of Texas and has been since at least May 3, 2006. On information and belief, Amazon Web Services, Inc. is a wholly-owned subsidiary of Amazon.com, Inc.

## JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

8.     Venue is proper in this District. For example, Amazon has a regular and established place of business, including, e.g., at Amazon Tech Hub located at 11501 Alterra Parkway, Austin, TX.

## FACTUAL ALLEGATIONS

9.     AlmondNet attempted to engage Amazon in negotiations, putting Amazon on

notice of the Asserted Patents.

10.     On July 24, 2019 and October 25, 2019, AlmondNet sent communications to Amazon identifying Asserted Patents, indicating that Amazon infringes numerous patents in AlmondNet's portfolio, and explaining how Amazon could contact AlmondNet to discuss licensing that portfolio.

11.     Despite Plaintiff's efforts and some brief correspondence between the parties, the parties were unable to resolve the issues raised in the letters and to come to an agreement on appropriate terms for a license to AlmondNet's patents. Thus, AlmondNet was left with no recourse but to file this lawsuit to protect its intellectual property.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 7,747,745**

12.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 7,747,745, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on June 29, 2010 ("the '745 patent"). A true and correct copy of the '745 patent is attached as Exhibit 1.

14.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '745 patent.

15.     The infringement of the '745 patent is also attributable to Defendant. Defendant directs and controls users of the Accused Instrumentalities to perform acts that result in

infringement of the '745 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

16.     Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '745 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '745 patent. Despite Defendant's knowledge of or willful blindness to the '745 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '745 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '745 patent. Accordingly, Defendant is liable for willful infringement.

17.     Defendant also knowingly and intentionally induces infringement of claims of the '745 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '745 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '745 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. Despite this knowledge of or willful blindness to the '745 patent and AlmondNet's infringement allegations as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '745 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant

also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '745 patent, thereby specifically intending for and inducing its customers to infringe the '745 patent through the customers' normal and customary use of the Accused Instrumentalities.

18.     Defendant has also infringed, and continues to infringe, claims of the '745 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '745 patent, in violation of 35 U.S.C. § 271(c).

19.     The Accused Instrumentalities satisfy all claim limitations of claims of the '745 patent. A claim chart comparing an independent claim of the '745 patent to the Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

20.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '745 patent pursuant to 35 U.S.C. § 271.

21.     As a result of Defendant's infringement of the '745 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

22.     Defendant's infringing activities have injured and will continue to injure

AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '745 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 7,861,260**

23.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 7,861,260, titled "targeted television advertisements based on online behavior," issued on December 28, 2010 ("the '260 patent"). A true and correct copy of the '260 patent is attached as Exhibit 3.

25.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '260 patent.

26.     The infringement of the '260 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '260 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

27.     Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '260 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these

discussions, AlmondNet notified Defendant of the '260 patent. Despite Defendant's knowledge of or willful blindness to the '260 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '260 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '260 patent. Accordingly, Defendant is liable for willful infringement.

28.     Defendant also knowingly and intentionally induces infringement of claims of the '260 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '260 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '260 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. Despite this knowledge of or willful blindness to the '260 patent and AlmondNet's infringement allegations as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '260 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '260 patent, thereby specifically intending for and inducing its customers to infringe the '260 patent through the customers' normal and customary use of the Accused Instrumentalities.

29.     Defendant has also infringed, and continue to infringe, claims of the '260 patent by offering to commercially distribute, commercially distributing, making, and/or importing the

Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '260 patent, in violation of 35 U.S.C. § 271(c).

30.     The Accused Instrumentalities satisfy all claim limitations of claims of the '260 patent. A claim chart comparing an independent claim of the '260 patent to representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

31.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '260 patent pursuant to 35 U.S.C. § 271.

32.     As a result of Defendant's infringement of the '260 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

33.     Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '260 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,979,307

34.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if

fully set forth herein.

35.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 7,979,307, titled "method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 12, 2011 ("the '307 patent"). A true and correct copy of the '307 patent is attached as Exhibit 5.

36.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '307 patent.

37.     The infringement of the '307 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '307 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

38.     Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '307 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '307 patent. In addition, Defendant has had knowledge of the '307 patent and Defendant's infringement of it by virtue of the case styled as *AlmondNet, Inc. et al. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00898 (W.D. Tex. filed Aug. 27, 2021). Despite Defendant's knowledge of or willful blindness to the '307 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of the

complaints, Defendant continued and still continues to infringe the '307 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '307 patent. Accordingly, Defendant is liable for willful infringement.

39. Defendant also knowingly and intentionally induces infringement of claims of the '307 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '307 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '307 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. In addition, Defendant has had knowledge of the '307 patent and Defendant's infringement of it by virtue of the case styled as *AlmondNet, Inc. et al. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00898 (W.D. Tex. filed Aug. 27, 2021). Despite this knowledge of or willful blindness to the '307 patent and AlmondNet's infringement allegations as a result of the 2019 communications as well as the filing of the complaints, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '307 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of or willful blindness to the '307 patent, thereby specifically intending for and inducing its customers to infringe the '307 patent through the customers' normal and customary use of the Accused Instrumentalities.

40. Defendant has also infringed, and continue to infringe, claims of the '307 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the

patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '307 patent, in violation of 35 U.S.C. § 271(c).

41.     The Accused Instrumentalities satisfy all claim limitations of claims of the '307 patent. A claim chart comparing an independent claim of the '307 patent to representative Accused Instrumentalities is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

42.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '307 patent pursuant to 35 U.S.C. § 271.

43.     As a result of Defendant's infringement of the '307 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,204,783

44.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,204,783, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on June 19, 2012 ("the '783 patent"). A true and correct copy of the '783 patent is attached as Exhibit 7.

46.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '783 patent.

47.     The infringement of the '783 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '783 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

48.     Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '783 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '783 patent. Despite Defendant's knowledge of or willful blindness to the '783 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '783 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '783 patent. Accordingly, Defendant is liable for willful infringement.

49.     Defendant also knowingly and intentionally induces infringement of claims of the '783 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '783 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '783 patent

and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. Despite this knowledge of or willful blindness to the '783 patent and AlmondNet's infringement allegations as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '783 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of or willful blindness to the '783 patent, thereby specifically intending for and inducing its customers to infringe the '783 patent through the customers' normal and customary use of the Accused Instrumentalities.

50.     Defendant has also infringed, and continue to infringe, claims of the '783 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '783 patent, in violation of 35 U.S.C. § 271(c).

51.     The Accused Instrumentalities satisfy all claim limitations of claims of the '783 patent. A claim chart comparing an independent claim of the '783 patent to representative Accused Instrumentalities is attached as Exhibit 8, which is hereby incorporated by reference in its entirety.

52.     By making, using, offering for sale, selling and/or importing into the United States

the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '783 patent pursuant to 35 U.S.C. § 271.

53.     As a result of Defendant's infringement of the '783 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

54.     Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '783 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT V**

**INFRINGEMENT OF U.S. PATENT NO. 8,775,249**

55.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

56.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,775,249, titled "method, computer system, and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 8, 2014 ("the '249 patent"). A true and correct copy of the '249 patent is attached as Exhibit 9.

57.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '249 patent.

58.     The infringement of the '249 patent is also attributable to Defendant. Defendant

and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '249 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

59.     Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '249 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '249 patent. In addition, Defendant has had knowledge of the '249 patent and Defendant's infringement of it by virtue of the case styled as *AlmondNet, Inc. et al. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00898 (W.D. Tex. filed Aug. 27, 2021). Despite Defendant's knowledge of or willful blindness to the '249 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of the complaints, Defendant continued and still continues to infringe the '249 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '249 patent. Accordingly, Defendant is liable for willful infringement.

60.     Defendant also knowingly and intentionally induces infringement of claims of the '249 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '249 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '249 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. In addition, Defendant has had knowledge of the '249 patent and Defendant's infringement of it by virtue of the case styled as *AlmondNet, Inc. et al. v. Amazon.com, Inc. et al.*, No. 6:21-cv-

00898 (W.D. Tex. filed Aug. 27, 2021). Despite this knowledge of the '249 patent and AlmondNet's infringement allegations as a result of the 2019 communications as well as the filing of the complaints, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '249 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of or willful blindness to the '249 patent, thereby specifically intending for and inducing its customers to infringe the '249 patent through the customers' normal and customary use of the Accused Instrumentalities.

61.     Defendant has also infringed, and continue to infringe, claims of the '249 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities to being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '249 patent, in violation of 35 U.S.C. § 271(c).

62.     The Accused Instrumentalities satisfy all claim limitations of claims of the '249 patent. A claim chart comparing an independent claim of the '249 patent to representative Accused Instrumentalities is attached as Exhibit 10, which is hereby incorporated by reference in its entirety.

63.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of

the '249 patent pursuant to 35 U.S.C. § 271.

64.     As a result of Defendant's infringement of the '249 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 8,959,146

65.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

66.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 8,959,146, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015 ("the '146 patent"). A true and correct copy of the '146 patent is attached as Exhibit 11.

67.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '146 patent.

68.     The infringement of the '146 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '146 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

69.     Defendant's infringement has been and is willful. Defendant knew of, or was

willfully blind to, the '146 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '146 patent. In addition, Defendant has had knowledge of the '146 patent and Defendant's infringement of it by virtue of the case styled as *AlmondNet, Inc. et al. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00898 (W.D. Tex. filed Aug. 27, 2021). Despite Defendant's knowledge of or willful blindness to the '146 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of the complaints, Defendant continued and still continues to infringe the '146 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '146 patent. Accordingly, Defendant is liable for willful infringement.

70.     Defendant also knowingly and intentionally induces infringement of claims of the '146 patent in violation of 35 U.S.C. § 271(b). Defendant has had knowledge of, or was willfully blind to, the '146 patent and the infringing nature of the Accused Instrumentalities at least as early as July 24, 2019 when it received AlmondNet's communication identifying the '146 patent and explaining that Defendant infringes numerous patents in AlmondNet's portfolio, as set forth above. In addition, Defendant has had knowledge of the '146 patent and Defendant's infringement of it by virtue of the case styled as *AlmondNet, Inc. et al. v. Amazon.com, Inc. et al.*, No. 6:21-cv-00898 (W.D. Tex. filed Aug. 27, 2021). Despite this knowledge of or willful blindness to the '146 patent and AlmondNet's infringement allegations as a result of the 2019 communications as well as the filing of the complaints, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '146

patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '146 patent, thereby specifically intending for and inducing its customers to infringe the '146 patent through the customers' normal and customary use of the Accused Instrumentalities.

71.     Defendant has also infringed, and continue to infringe, claims of the '146 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '146 patent, in violation of 35 U.S.C. § 271(c).

72.     The Accused Instrumentalities satisfy all claim limitations of claims of the '146 patent. A claim chart comparing an independent claim of the '146 patent to representative Accused Instrumentalities is attached as Exhibit 12, which is hereby incorporated by reference in its entirety.

73.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '146 patent pursuant to 35 U.S.C. § 271.

74.     As a result of Defendant's infringement of the '146 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

75.     Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '146 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 10,715,878

76.     AlmondNet realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

77.     AlmondNet owns all rights, title, and interest in U.S. Patent No. 10,715,878, titled "targeted television advertisements based on online behavior," issued on July 14, 2020 ("the '878 patent"). A true and correct copy of the '878 patent is attached as Exhibit 13.

78.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products and/or services ("Accused Instrumentalities"), such as, e.g., Amazon's advertising platform, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '878 patent.

79.     The infringement of the '878 patent is also attributable to Defendant. Defendant and/or users of the Accused Instrumentalities directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '878 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

80.     Defendant's infringement has been and is willful. Defendant knew of, or was willfully blind to, the '878 patent and that the Accused Instrumentalities infringed it long before this suit was filed. For example, AlmondNet and Defendant communicated, e.g., in the 2019 time

frame, regarding AlmondNet's patent portfolio and Defendant's infringement of it. In these discussions, AlmondNet notified Defendant of the '260 patent, which is in the same patent family as the '878 patent. Despite Defendant's knowledge of or willful blindness to the '878 patent and AlmondNet's allegations of infringement as a result of the 2019 communications as well as the filing of this complaint, Defendant continued and still continues to infringe the '878 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the '878 patent. Accordingly, Defendant is liable for willful infringement.

81.     Defendant also knowingly and intentionally induces infringement of claims of the '878 patent in violation of 35 U.S.C. § 271(b). As detailed above, Defendant has had knowledge of, or was willfully blind to, the '878 patent and the infringing nature of the Accused Instrumentalities before this suit was filed. Despite this knowledge of or willful blindness to the '878 patent and its Defendants' infringement thereof, Defendant continued and still continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '878 patent. Defendant did and does so intending that its customers and end users will commit these infringing acts. Defendant also continued and still continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge or willful blindness of the '878 patent, thereby specifically intending for and inducing its customers to infringe the '878 patent through the customers' normal and customary use of the Accused Instrumentalities.

82.     Defendant has also infringed, and continue to infringe, claims of the '878 patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the

patent, and constitute a material part of the invention. Defendant has knowledge of or is willfully blind to the components in the Accused Instrumentalities being especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '878 patent, in violation of 35 U.S.C. § 271(c).

83.     The Accused Instrumentalities satisfy all claim limitations of claims of the '878 patent. A claim chart comparing an independent claim of the '878 patent to representative Accused Instrumentalities is attached as Exhibit 14, which is hereby incorporated by reference in its entirety.

84.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured AlmondNet and is liable for infringement of the '878 patent pursuant to 35 U.S.C. § 271.

85.     As a result of Defendant's infringement of the '878 patent, AlmondNet is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

86.     Defendant's infringing activities have injured and will continue to injure AlmondNet, unless and until this Court enters an injunction prohibiting further infringement of the '878 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, AlmondNet respectfully requests that this Court enter:

a.      A judgment in favor of AlmondNet that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.      A judgment in favor of Plaintiff that Defendant has willfully infringed the Asserted Patents;

c.      A permanent injunction prohibiting Defendant from further acts of infringement of the '745, '260, '783, '146, and '878 patents;

d.      A judgment and order requiring Defendant to pay AlmondNet its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to AlmondNet, including without limitation, pre-judgment and post-judgment interest;

f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to AlmondNet its reasonable attorneys' fees against Defendant; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

AlmondNet, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: November 18, 2022          Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
James A. Milkey
Ben Wang
James Tsuei

Amy Hayden
Daniel Kolko
Jason Wietholter
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiffs AlmondNet, Inc. and
Intent IQ, LLC*